### 14550.   WATERS *v.* THE STATE.

BROYLES, C. J.   The evidence relied upon for the conviction of the defend-
ant was entirely circumstantial and did not exclude every reasonable
hypothesis save that of his guilt.   The court, therefore, erred in over-
ruling the motion for a new trial.

Judgment reversed.   Luke and Bloodworth, JJ., concur.

DECIDED JUNE 12, 1923.

Conviction of attempt to make liquor; from Catoosa superior
court — Judge Tarver.   March 12, 1923.

Under an indictment charging the manufacture of intoxicat-
ing liquor, John Waters was found guilty of an attempt to commit
this offense.   From the evidence it appeared that two boxes con-
taining about 600 gallons of beer of the kind used in the making
of whisky and which looked as if it " was about ready to run off,"
a furnace which looked as if a still had been in it, a cap, and
ashes were found by officers at a spring and within a few steps of
where there was formerly a sawmill, about 200 yards from the de-
fendant's house, on an 80-acre tract of land belonging to a person
who had rented to him " what he could clear up " in that tract.   No
still was found on the premises.   The witnesses could not say
whether the beer was intoxicating.   The place where the furnace
and the beer were found could not be seen from the defendant's
house or from his barn, there being a hill and woods which ob-
structed the view.   While the officers were hid near the spring a
couple of children came there and got water and carried it to
the defendant's house.   The children saw the officers.   The officers
then went to the defendant's house and searched it, and found
no whisky or beer in or about the house.   The defendant was
sitting in his front yard.   The spring mentioned was " the only
spring of supply " on the 80 acres.   It was testified that the de-
fendant had " a cow and may be a couple of horses or mules," and
a pasture, and that the spring was outside the pasture fence; that
" he would have to water his stock and get his water for home
use either out of the spring or haul it about a mile;" that he was
" often down at this spring with the wagon, hauling water;" that
he made a crop, but did not cultivate the land to this place; that
at the time of the finding of the beer and the furnace, or shortly
before that time, the defendant had a contract to cut timber for
Black's sawmill, and was cutting it daily for three or four weeks

at a distance of about a mile from where he lived, going to work about 6:30 o'clock and quitting at 5. The defendant's house was the nearest one to the place where the beer was found. It was about half a mile or a mile to any other house. An old sawmill road led .from that place to the public road at or near the defendant's house, and other paths led into the woods from the same place. The defendant, in his statement at the trial, asserted his innocence.

*M. L. Harris, McClure & McClure,* for plaintiff in error, cited: 23 *Ga. App.* 141; 27 *Ga. App.* 603; 20 *Ga. App.* 748; 13 *Ga. App.* 626; 6 *Ga. App.* 574; 116 *Ga.* 516; 4 *Ga. App.* 832; 9 *Ga. App.* 470; Id. 574; 81 *Ga.* 653; 115 *Ga.* 813.

*J. M. Lang, solicitor-general,* contra.